UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA YERVAND<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEVY PREMIUM FOODSERVICE LP dba LEVY RESTAURANTS,<br><br>　　　　Defendants. | Case No.  CV12-06677BRO (JCGx)<br><br>ASSIGNED TO HON. BEVERLY REID O'CONNELL<br><br>**JUDGMENT** |

Defendant LEVY PREMIUM FOODSERVICE LP dba LEVY RESTAURANTS' ("Levy") Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment came on regularly for hearing before this Court on August 19, 2013, at approximately 4:10 p.m., the Honorable Beverly Reid O'Connell presiding. The Court, having read and considered the papers submitted both in support of and in opposition to the Motion, and based upon the papers and pleadings on file in this matter as well as oral argument of the parties, and good cause appearing,

**IT IS HEREBY ORDERED AND ADJUDGED** that Levy's Motion for Summary Judgment is GRANTED and all claims or relief asserted by Plaintiff shall be, and hereby are, dismissed with prejudice and judgment shall be entered in favor of Levy and against Plaintiff.

1.

The Court's decision is based upon the fact that there is no genuine issue as to any material fact and therefore Levy is entitled to judgment as a matter of law.

1. Levy is entitled to judgment as a matter of law as to Plaintiff's second claim for defamation because Plaintiff failed to produce evidence demonstrating that Levy made non-privileged defamatory statements. California Civil Code section 47, subdivision (b), creates a privilege for publications made "[i]n any (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law." "These subsections have been broadly construed." *Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 843, 850 (2009). Statements made by an employer to the EDD "certainly qualify as statements made 'before a legislative, executive, or judicial proceeding, or any other official proceeding.'" *Id.* Similarly, statements made during communications with the EEOC are likewise privileged. *See Cruey v. Gannett Co.*, 64 Cal. App. 4th 356, 368 (1998). Accordingly, as a matter of law, the Court holds that any statements Levy made in communications with the EDD and EEOC were privileged and cannot provide the basis for a defamation claim. Moreover, while Plaintiff alleged that Levy made defamatory statements to prospective employers, she presented no evidence that it had done so.

2. Levy also is entitled to judgment as a matter of law as to Plaintiff's second claim for defamation because it is barred by the statute of limitations. Under California law, the statute of limitations for a libel or slander claim must be filed within one-year. Cal. Code Civ. P. § 340(c). The statute of limitations period commences when the cause of action accrues, which is "at the time the defamatory statement is 'published.'" *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246–47 (2003). "[I]n defamation actions the general rule is that publication occurs when the defendant communicates the defamatory statement to a person other than the person being defamed." *Id.* at 1247. More than one year passed between the time the allegedly defamatory statements were made and when Plaintiff filed her complaint. Therefore,

any claim based upon these allegedly defamatory statements is barred by the statute of limitations.

   3.   Levy is entitled to judgment as a matter of law as to Plaintiff's fourth claim for race/national origin discrimination because Plaintiff's termination was based on legitimate, nondiscriminatory factors, and Plaintiff is unable to prove pretext.  Records in Plaintiff's personnel file demonstrate that Levy determined Plaintiff violated company policy in October 2010 and again in January 2011.  While Plaintiff disputes the facts underlying the January 2011 incident, whether the justifications for terminating Plaintiff's employment are false is irrelevant; Levy is "only require[d to have] honestly believed its reasons for its actions, even if its reason[s were] foolish or trivial or even baseless."  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (internal quotations omitted).  Plaintiff did not produce any evidence to show that Levy did not honestly believe that she violated policies twice within the preceding six months when it terminated her employment.

   4.   Levy is entitled to judgment as a matter of law as to Plaintiff's fifth claim for harassment because Plaintiff was unable to demonstrate a *prima facie* case of discrimination.  Plaintiff presented no evidence showing that she was subjected to an intimidating, hostile or work environment, nor did she present any evidence that any purported harassment was based upon her race.

   5.   Levy is entitled to judgment as a matter of law as to Plaintiff's third claim for retaliation because she was terminated for a legitimate, non-discriminatory reason and because there is no causal connection between her alleged complaints and the adverse employment action.  Plaintiff offers no direct evidence to corroborate her claim that she was terminated for complaining about discrimination. She relies on circumstantial inferences to support the notion that she was terminated because of her discrimination claims, not the findings that she had violated company policies.  Levy provided ample evidence that Plaintiff was terminated for legitimate, nondiscriminatory reasons and Plaintiff did not provide any evidence to show that

Levy used her policy violations as a pretext for terminating her employment. Thus, there is no genuine issue of material fact as to whether Levy terminated Plaintiff for a legitimate, nondiscriminatory reason.

6. Plaintiff's first claim for wrongful termination fails because it is derivative of her FEHA claims, which are dismissed for the reasons set forth herein. Where a plaintiff alleges a claim for wrongful termination based upon a statutory prohibition, "the common law claim is subject to [any] statutory limitations affecting the nature and scope of the statutory prohibition." *Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997). Because the Court has granted summary judgment to Levy on each of Plaintiff's statutory claims, her wrongful termination claim must also fail.

**Defendant Levy shall file a declaration, under penalty of perjury, detailing Levy's costs of suit by September 25, 2013. Plaintiff Yervand shall file any opposition by October 9, 2013.**

**ANY FAILURE TO OPPOSE COSTS BY PLAINTIFF WILL RISK IMPOSITION OF COSTS AGAINST PLAINTIFF.**

**IT IS SO ORDERED.**

Dated: September 11, 2013    _____
                             HONORABLE BEVERLY REID O'CONNELL
                             UNITED STATES DISTRICT COURT JUDGE

4.