1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA YERVAND | Case No.  CV12-06677BRO (JCGx) |
| Plaintiff, | ASSIGNED TO HON. BEVERLY REID O'CONNELL |
| v. | **JUDGMENT** |
| LEVY PREMIUM FOODSERVICE LP dba LEVY RESTAURANTS, | |
| Defendants. | |

Defendant LEVY PREMIUM FOODSERVICE LP dba LEVY
RESTAURANTS' ("Levy") Motion for Summary Judgment, or, Alternatively, Partial
Summary Judgment came on regularly for hearing before this Court on August 19,
2013, at approximately 4:10 p.m., the Honorable Beverly Reid O'Connell presiding.
The Court, having read and considered the papers submitted both in support of and in
opposition to the Motion, and based upon the papers and pleadings on file in this
matter as well as oral argument of the parties, and good cause appearing,

   **IT IS HEREBY ORDERED AND ADJUDGED** that Levy's Motion
for Summary Judgment is GRANTED and all claims or relief asserted by Plaintiff
shall be, and hereby are, dismissed with prejudice and judgment shall be entered in
favor of Levy and against Plaintiff.

1    The Court's decision is based upon the fact that there is no genuine issue
2    as to any material fact and therefore Levy is entitled to judgment as a matter of law.

3    1.    Levy is entitled to judgment as a matter of law as to Plaintiff's
4    second claim for defamation because Plaintiff failed to produce evidence
5    demonstrating that Levy made non-privileged defamatory statements.  California Civil
6    Code section 47, subdivision (b), creates a privilege for publications made "[i]n any
7    (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official
8    proceeding authorized by law."  "These subsections have been broadly construed."
9    *Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 843, 850 (2009).  Statements
10   made by an employer to the EDD "certainly qualify as statements made 'before a
11   legislative, executive, or judicial proceeding, or any other official proceeding.'"  *Id.*
12   Similarly, statements made during communications with the EEOC are likewise
13   privileged.  *See Cruey v. Gannett Co.*, 64 Cal. App. 4th 356, 368 (1998).
14   Accordingly, as a matter of law, the Court holds that any statements Levy made in
15   communications with the EDD and EEOC were privileged and cannot provide the
16   basis for a defamation claim.  Moreover, while Plaintiff alleged that Levy made
17   defamatory statements to prospective employers, she presented no evidence that it had
18   done so.

19   2.    Levy also is entitled to judgment as a matter of law as to Plaintiff's
20   second claim for defamation because it is barred by the statute of limitations.  Under
21   California law, the statute of limitations for a libel or slander claim must be filed
22   within one-year.  Cal. Code Civ. P. § 340(c).  The statute of limitations period
23   commences when the cause of action accrues, which is "at the time the defamatory
24   statement is 'published.'"  *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246–47 (2003).
25   "[I]n defamation actions the general rule is that publication occurs when the defendant
26   communicates the defamatory statement to a person other than the person being
27   defamed."  *Id.* at 1247.  More than one year passed between the time the allegedly
28   defamatory statements were made and when Plaintiff filed her complaint.  Therefore,

1    any claim based upon these allegedly defamatory statements is barred by the statute of

2    limitations.

3               3.    Levy is entitled to judgment as a matter of law as to Plaintiff's

4    fourth claim for race/national origin discrimination because Plaintiff's termination

5    was based on legitimate, nondiscriminatory factors, and Plaintiff is unable to prove

6    pretext.  Records in Plaintiff's personnel file demonstrate that Levy determined

7    Plaintiff violated company policy in October 2010 and again in January 2011.  While

8    Plaintiff disputes the facts underlying the January 2011 incident, whether the

9    justifications for terminating Plaintiff's employment are false is irrelevant; Levy is

10   "only require[d to have] honestly believed its reasons for its actions, even if its

11   reason[s were] foolish or trivial or even baseless."  *See Villiarimo v. Aloha Island Air,*

12   *Inc*., 281 F.3d 1054, 1063 (9th Cir. 2002) (internal quotations omitted).  Plaintiff did

13   not produce any evidence to show that Levy did not honestly believe that she violated

14   policies twice within the preceding six months when it terminated her employment.

15              4.    Levy is entitled to judgment as a matter of law as to Plaintiff's fifth

16   claim for harassment because Plaintiff was unable to demonstrate a *prima facie* case

17   of discrimination.  Plaintiff presented no evidence showing that she was subjected to

18   an intimidating, hostile or work environment, nor did she present any evidence that

19   any purported harassment was based upon her race.

20              5.    Levy is entitled to judgment as a matter of law as to Plaintiff's

21   third claim for retaliation because she was terminated for a legitimate, non-

22   discriminatory reason and because there is no causal connection between her alleged

23   complaints and the adverse employment action.  Plaintiff offers no direct evidence to

24   corroborate her claim that she was terminated for complaining about discrimination.

25   She relies on circumstantial inferences to support the notion that she was terminated

26   because of her discrimination claims, not the findings that she had violated company

27   policies.  Levy provided ample evidence that Plaintiff was terminated for legitimate,

28   nondiscriminatory reasons and Plaintiff did not provide any evidence to show that

1  Levy used her policy violations as a pretext for terminating her employment.  Thus,

2  there is no genuine issue of material fact as to whether Levy terminated Plaintiff for a

3  legitimate, nondiscriminatory reason.

4            6.    Plaintiff's first claim for wrongful termination fails because it is

5  derivative of her FEHA claims, which are dismissed for the reasons set forth herein.

6  Where a plaintiff alleges a claim for wrongful termination based upon a statutory

7  prohibition, "the common law claim is subject to [any] statutory limitations affecting

8  the nature and scope of the statutory prohibition." *Stevenson v. Superior Court*, 16

9  Cal. 4th 880, 904 (1997).  Because the Court has granted summary judgment to Levy

10  on each of Plaintiff's statutory claims, her wrongful termination claim must also fail.

11  **Defendant Levy shall file a declaration, under penalty of perjury, detailing**

12  **Levy's costs of suit by September 25, 2013.  Plaintiff Yervand shall file any**

13  **opposition by October 9, 2013.**

14  **ANY FAILURE TO OPPOSE COSTS BY PLAINTIFF WILL RISK**

15  **IMPOSITION OF COSTS AGAINST PLAINTIFF.**

16

17  **IT IS SO ORDERED.**

18  Dated:  September 11, 2013  _____

19                      HONORABLE BEVERLY REID O'CONNELL

20                      UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28